*Hawkins,* for Appellee.

---

THOS. C. FORE'S ADMR. *v.* THOS. C. FORE'S HEIRS AND CREDITORS.

**Administrators — Tardiness in Settling Estate — Appointment of Receiver.**
> It is not an abuse of the power and discretion of the court to appoint a receiver, when it is shown that the administrator has been tardy in settling the estate.

**Release of Surety.**
> A payment by an administrator to the court's receiver of funds in his hands belonging to the estate will completely exonerate him and his sureties.

APPEAL FROM WASHINGTON CIRCUIT COURT.

March 5, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The administrator filed his petition in open court November 18, 1859, suggesting that the personal estate of decedent would be insufficient to pay his debts, that the larger part of the assets consisted of decedent's interest as an heir to his father in land which had been sold by a decree of court before his death, that there was a litigation between him and the other heirs as to a sum claimed by them to have been advanced to decedent and which would reduce his interest in the proceeds of the land; there seems to have been no realty. The case was referred to the master to ascertain and report assets and liabilities.

November 17, 1863, the master made an almost full report; still it did not embrace some claims then pending in court; it was ordered to lay over for exceptions, and on the 19th an order was made referring the case to the master for additional report on additional claims, and on the same day he reported the claim which also laid over for exceptions.

On the 21st of the month Rogers presented an additional claim of some $255.45 and on same day, there being no exceptions to the report, a judgment was rendered confirming the reports, appointing the master a receiver who executed a bond, and ordering the administrator to pay over to him the ascertained remainder after allowing the advances made by him, and for his trouble, etc., and directing execution.

The amount of the assets was definitely ascertained, also the amount due the various creditors, and the justice of their claims, except as to Rogers, the amount of whose claim was also found but its justice not adjudicated, and as the claims could be paid in full leaving a surplus of $85.27 without Rogers' claim, but would be insufficient by $170.16 if it was paid, the receiver was directed to retain the *pro rata* on Rogers' claim until it should be adjudicated and to pay over to the other creditors their *pro rata*.

From this judgment the administrator has appealed, and insists that he represents the heirs and creditors.

Neither the heirs nor creditors filed any exception to the report; the original and important one lay over four days, which we think a reasonable time.

The administrator has had the funds in his hands several years; he suggests no error in the amount adjudged against him, nor does he suggest any injustice done the creditors or heirs.

It is evident that the only contingency which can defeat the recovery by the creditors for their whole claim, to wit: Rogers' claim has not been yet adjudicated; it is already adjudged that their *pro rata* be paid deducting for this claim which is hereafter to be settled, and their claims will be nearly paid if Rogers shall sustain his claim, and quite paid if he does not; it is evidently their interest to get their present *pro rata* and then if they think Rogers' claim unjust, litigate with him as to it, which they may do; therefore this appeal cannot be deemed for their benefit, but for that of the administrator, who seems already to have been tardy in paying the assets in his hands.

We cannot see that it is prejudicial to the heirs, as neither the administrator who represents them took exceptions to the report, nor did they do so on their own account.

It is not prejudicial to the administrator, for the payment to the court's receiver will as much exonerate him and his securities as payment to the creditors.

We cannot say that the court abused its powers and discretion in appointing a receiver, as in many cases, when the administrator indicates a tardiness by his conduct, this would save vexatious litigation and delay between the creditors and administrator.

Wherefore, the judgment is affirmed with damages.

Judge HARDIN did not sit in this case.

*Harlan & Harlan*, for Appellant.